IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK CALLAHAM, | : | |
| | : | 4:06-cv-1109 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| STANELY STANISH, M.D., *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

**June 25, 2010**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation

("R&R") of Magistrate Judge Martin C. Carlson (Doc. 68), filed on June 4, 2010,

which recommends that the Defendants' Motion for Summary Judgment (Doc. 61)

be granted and that this case be closed.  No objections to the R&R have been filed

by any party.[1]  For the reasons set forth below, the Court will adopt the R&R.

I.      **STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and

recommendation, the district court is not statutorily required to review the report

---

[1] Objections were due by June 21, 2010.

1

before accepting it. <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." <u>Henderson v. Carlson</u>, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; <u>see also Henderson</u>, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); <u>Tice v. Wilson</u>, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); <u>Cruz v. Chater,</u> 990 F. Supp. 375-78 (M.D. Pa. 1998); <u>Oldrati v. Apfel</u>, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II.    PROCEDURAL BACKGROUND

Plaintiff Mark Callaham, proceeding *pro se*, filed the instant case alleging an Eighth Amendment claim for deliberate indifference to his serious medical needs by the Defendants, prison staff members. (Doc. 1). Plaintiff's claim derives out of his disagreement with a course of treatment he received at the hands of Defendant for a dermatological condition from which he suffers.

On September 11, 2009, the Defendants filed a motion for summary judgment. (Doc. 61). After full briefing on the motion was complete, Magistrate

Judge Carlson issued the instant R&R, recommending that the Defendants' motion for summary judgment be granted.  As noted above, the time for objecting to the Magistrate Judge's report has lapsed without a filing from either party.  Thus, this matter is ripe for our disposition.

## III.  DISCUSSION

Within the R&R, Magistrate Judge Carlson thoroughly reviews the record and determines that Plaintiff's Eighth Amendment claim should be dismissed because his claim does not rise to the level of a constitutional violation, but merely represents Plaintiff's disagreement with Defendants' chosen course of treatment for him.   Specifically, Plaintiff claims that the Defendants' decision not to provide him with Retin-A to treat hyper-pigmented scars from which he suffered as a result of his dermatological condition violated his right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

As we have already mentioned, neither Defendants nor the Plaintiff have filed objections to this R&R.  Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety.  With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this

document, as it accurately reflects our consideration and resolution of the case <u>sub judice</u>.  An appropriate Order shall issue.